**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| DONALD K. MALONE,<br>     Plaintiff, | Case No. 1:16-cv-980 |
| | Black, J. |
| vs. | Bowman, M.J. |
| C. DAVIS, et al.,<br>     Defendants. | **REPORT AND<br>RECOMMENDATION** |

On October 5, 2016, plaintiff filed a prisoner civil rights action pursuant to 42 U.S.C. § 1983 without paying the filing fee or filing a motion for leave to proceed *in forma pauperis*. (Doc. 1).  On October 19, 2016, the Court issued a Deficiency Order.  (Doc. 2).  Plaintiff was ordered to pay the full $400 filing fee or submit to the Court a completed *in forma pauperis* application and affidavit to proceed without prepayment of fees and a certified copy of his prison trust fund account statement within thirty (30) days.

Plaintiff partially complied with the Court's order by submitting his prisoner trust fund account statement.  (Doc. 3).  The Court issued a second Deficiency Order on November 29, 2016, again ordering plaintiff to pay the full filing fee or submit a complete *in forma pauperis* application within thirty (30) days.  (Doc. 4).  Plaintiff was further advised that failure to comply with the Order will result in the dismissal of this action for want of prosecution.

To date, more than thirty (30) days after the Court's November 29, 2016 Order, plaintiff has failed to respond to the Order.

"District courts have the inherent power to sua sponte dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash* R.R., 370 U.S. 626, 630–631 (1962)*.  See also Jourdan v. Jabe*, 951

F.2d 108, 109 (6th Cir. 1991).  Failure of a party to respond to an order of the court warrants

invocation of the Court's inherent power.  *See* Fed. R. Civ. P. 41(b).  Accordingly, this case

should be dismissed for plaintiff's failure to respond to the Court's November 29, 2016

Deficiency Order.  *In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

It is therefore **RECOMMENDED** that this matter be **DISMISSED** for lack of

prosecution.

**IT IS SO RECOMMENDED.**

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

DONALD K. MALONE,                                    Case No. 1:16-cv-980
    Plaintiff,

                                       Black, J.
vs.                                                  Bowman, M.J.

C. DAVIS, et al.,
    Defendants.


## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).